IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| REDONNA INGRAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO. 1:16cv316-CSC |
| | ) | (WO) |
| THE HOUSTON COUNTY BOARD | ) | |
| OF EDUCATION, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

Plaintiff Redonna Ingram ("Ingram") brings this action against her employer, the Houston County Board of Education, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), alleging that she was retaliated against for filing a complaint with the Equal Employment Opportunity Commission ("EEOC"). Ingram asserts that in 2013 she was denied promotions to four administrative positions by then Superintendent Tim Pitchford ("Pitchford") in retaliation for filing an EEOC charge in 2009. The Houston County Board of Education ("the Board") is the sole defendant in this action. The court has jurisdiction of her claim pursuant to the jurisdictional grant in Title VII and its federal question jurisdiction.

This case is now pending before the court on the defendant's motion for summary judgment. (Doc. # 16). The plaintiff has filed a response in opposition to the motion for

summary judgment. (Doc. # 22). Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to a United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment. After careful review of the motion for summary judgment, the plaintiff's response, and the evidentiary submissions in support of and in opposition to the motion, the court concludes that the defendant's motion for summary judgment is due to be granted.

## II. STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute[1]] as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation omitted); FED.R.CIV.P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The

---

[1] Effective December 1, 2010, the language of Rule 56(a) was amended. The word "dispute" replaced the word "issue" to "better reflect [ ] the focus of a summary-judgment determination." FED. R. CIV. P. 56(a), Advisory Committee Notes, 2010 Amendments.

2

movant may meet this burden by presenting evidence which would be admissible at trial indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322–324.

Once the movant meets its evidentiary burden and demonstrates the absence of a genuine dispute of material fact, the burden shifts to the non-moving party to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Celotex*, 477 U.S. at 324; *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *see also* FED.R.CIV.P. 56(c) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."). A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

To survive the movant's properly supported motion for summary judgment, a party is required to produce "sufficient [favorable] evidence" "that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49

(1986). "If the evidence [on which the nonmoving party relies] is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Id.* at 249–250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990) (quoting *Anderson*, *supra*). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine dispute of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Assocs., Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001). Hence, when a nonmoving party fails to set forth specific facts supported by appropriate evidence sufficient to establish the existence of an element essential to his case and on which the nonmovant will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.").

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. 5800 SW 74th Ave.*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Sec'y of Dep't of Children & Family Servs.,* 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute

will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co, Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine dispute of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323–324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine dispute as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (to establish a genuine dispute of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor). However, if there is a conflict in the evidence, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255; *Ruiz de Molina v. Merritt & Furman Ins. Agency*, 207 F.3d 1351, 1356 (11th Cir. 2000).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts,

a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *Beard v. Banks*, 548 U.S. 521, 529 (2006); *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case.

### III. FACTS[2]

Redonna Dawn Ingram has been employed as a teacher with the Houston County Board of Education since 1992. She has a bachelor's degree in Elementary Education and a Masters degree in Educational Leadership. It is undisputed that she meets the requirements and qualifications for promotion to an administrative position with the Board. After being denied an administrative position in 2005, Ingram filed a charge of discrimination with the EEOC in December 2009. (Doc. # 22, Pl's Ex. H). At that time, Ingram alleged that she had been discriminated against based on her sex, age, and religion. Ingram asserted that she had been told that Superintendent Pitchford "said he did not hire [her] for the position because [her] children went to private school." (*Id.*) She further asserted that she had again been denied administrative positions in 2009 for the same

---

[2] At this stage of the proceedings, consistent with FED. R. CIV. P. 56, the court takes evidence presented by the non-movant as true and construes the facts in the light most favorable to Ingram. *Stewart v. Booker T. Washington Ins.*, 232 F.3d 844, 848 (11th Cir. 2000) (citations omitted) ("In assessing whether there is any 'genuine issue' for trial, the court 'must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party" and 'resolve all reasonable doubts about the facts in favor of the nonmovant.' Moreover, the court must avoid weighing conflicting evidence or making credibility determinations. Instead, '[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [her] favor.'").

reason. (*Id*.) After filing her EEOC charge, Ingram did not pursue any further action.

During the summer of 2013, Ingram applied for four (4) administrative positions: Reading Coach at Rehobeth Elementary School, Assistant Principal at Wicksburg High School, Principal at Rehobeth High School, and Assistant Principal at Rehobeth High School. Each position was filled after a selection committee interviewed applicants and selected three candidates. Superintendent Pitchford then recommended to the Board the selection committee's first choice for each position, and the Board approved Pitchford's recommendations.

The selection committee for the Reading Coach position at Rehobeth Elementary school was composed of Principal Greg Yance, Pat Tyson and Melanie Mixon. After interviewing the applicants including Ingram, the committee selected Shannon Jones as their first choice for the position. Pitchford recommended Jones to the Board for the position, and the Board accepted Pitchford's recommendation. Jones was hired as the Reading Coach at Rehobeth Elementary school.

The selection committee for the Assistant Principal position at Wicksburg High School consisted of Principal Cheryl Smith and Steven Dasinger. After contacting and/or interviewing eighteen people including Ingram, the committee selected Jeff Linder as their first choice for the position. (Doc. # 16, Ex. 5). Pitchford recommended Linder to the Board for the position, and the Board accepted Pitchford's recommendation. Linder was hired as the Assistant Principal at Wicksburg High School.

7

The selection committee for the Principal position at Rehobeth High School consisted of Rhonda Lassiter, Cas Haddock, Stephanie Walker, and Randy Meadows. After interviewing applicants including Ingram, the committee selected Bobby Boyd as their top choice for the position. Ingram was the committee's third choice. Pitchford recommended Boyd to the Board for the position, and the Board accepted Pitchford's recommendation. Boyd was hired as the Principal at Rehobeth High School.

Finally, the selection committee for the Assistant Principal position at Rehobeth High School consisted of Principal Bobby Boyd, Jamie Whitlock and Larry Underwood. After interviewing nine people including Ingram, the committee selected Mike Linder as their first choice for the position. Pitchford recommended Linder to the Board for the position, and the Board accepted Pitchford's recommendation. Linder was hired as the Assistant Principal at Rehobeth High School.

On November 27, 2013, Ingram filed another charge of discrimination with the EEOC alleging only retaliation. (*Id*. at Ex. G). In it, Ingram asserted that she had been denied the four administrative positions by Pitchford in retaliation for filing an EEOC charge in 2009. According to Ingram, Board member Ricky Moore told her that Pitchford told him that he would not recommend Ingram for an administrative position because "she cost us money."[3]

---

[3] There is a dispute about what Pitchford said to Moore. Pitchford denies saying he would not hire Ingram because she filed an EEOC charge in 2009. Ingram testified that Moore told her that Pitchford said he would not recommend her for an administrative position because "she cost us money." And Moore testified about the conversation as follows:

Q: Okay. Has Mr. Pitchford made any such comments to you about her having cost us

Ingram filed this action on May 4, 2016.

## IV. DISCUSSION

The only claim before the court is Ingram's claim of retaliation pursuant to Title VII. Under Title VII, an employer is prohibited from discriminating against an employee who has either (1) opposed an employment practice made unlawful under Title VII or (2) made a charge, or participated in any manner in an investigation, proceeding, or hearing under Title VII. 42 U.S.C. § 2000e-3(a).[4] Ingram contends that the Board's failure to promote her in 2013 is in retaliation for her filing an EEOC charge in 2009. According to Ingram, Pitchford retaliated against her by refusing to recommend her for one of four administrative positions.

Ingram first argues that there is direct evidence of discrimination and causation based on Moore's and her testimony that Pitchford said he would not hire her because "she had cost [the system] money." Direct evidence of discrimination "is evidence that establishes

---

    money?

A:    I had a conversation with him, and I told him that Dawn [Ingram] was interested – still interested in an administrative position. He said, well, she has a strange way of showing it by filing a lawsuit. I said, she dropped her lawsuit. But it still cost us money was what he – was the extent of our conversation. And my response was, that's no reason not to hire somebody. And that was the extent of the conversation.

(Doc. # 22, Ex. A at deposition page 22).

[4] Title VII provides, in pertinent part:

It shall be an unlawful employment practice for an employer to discriminate against any individual . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e-3(a).

the existence of discriminatory intent behind the employment decision without any inference or presumption." *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1330 (11th Cir. 1998)). Statements of discriminatory intent may provide direct evidence of discrimination; however, "'only the most blatant remarks, whose intent could be nothing other than to discriminate' on the basis of some impermissible factor," can qualify as direct evidence of discrimination. *Schoenfeld v. Babbitt*, 168 F.3d 1257, 1266 (11th Cir. 1999) (quoting *Carter*, 870 F.2d at 582). The Eleventh Circuit has severely limited the type of language constituting direct evidence of discrimination. *See*, *e.g.*, *Evans v. McClain of Ga., Inc.*, 131 F.3d 957, 962 (11th Cir. 1997); *Burrell v. Bd. of Trustees of Ga. Military Coll.*, 125 F.3d 1390, 1393-94 n.7 (11th Cir. 1997); *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1082 (11th Cir. 1990). In this Circuit, a plaintiff presents direct evidence of discrimination where "actions or statements of an employer reflect a discriminatory or retaliatory attitude correlating to the discrimination or retaliation complained of by the employee." *Carter v. Three Springs Residential Treatment*, 132 F.3d 635, 641-42 (11th Cir. 1998); *Merritt v. Dillard Paper Co.*, 120 F.3d 1181, 1189 (11th Cir. 1997). "If an alleged statement at best merely suggests a discriminatory motive, then it is by definition only circumstantial evidence." *Schoenfeld*, 168 F.3d at 1266 (citing *Burrell*, 125 F.3d at 1393).

> "[R]emarks by nondecisionmakers or remarks unrelated to the decisionmaking process itself are not direct evidence of discrimination." *Id*. (citation and internal marks omitted).

*Riley v. Birmingham Bd. of Educ.*, 154 F. App'x 114, 116 (11th Cir. 2005).

10

Ingram contends that Pitchford's alleged statement that she "had cost the system money" is direct evidence of retaliation. There is no evidence before the court of when Pitchford allegedly made this statement, and thus any nexus between the comment and Ingram's failure to receive a promotion in 2013 is, at best, speculative. The only evidence before the court is that this was a single isolated comment allegedly said to Moore and then conveyed to Ingram. Stray, remarks in the workplace and "statements by decisionmakers unrelated to the decisional process itself" are not direct evidence of discrimination. *See E.E.O.C. v. Alton Packaging Corp.*, 901 F.2d 920, 923 (11th Cir. 1990). *See also Tomczyk v. Jocks and Jills Restaurants, LLC*, 198 F. App'x 804, 810 (11th Cir. 2006). Consequently, the court concludes that Pitchford's statement that Ingram had cost the system money does not constitute direct evidence of retaliation.

In order to establish a prima facie case of retaliation, Ingram must demonstrate that (1) she participated in statutorily protected expression; (2) she suffered a materially adverse employment action; and (3) there is some causal relationship between the two events. *Trask v. Sec., Dep't of Veterans Affairs*, 822 F.3d 1179, 1193-94 (11th Cir. 2016); *Clemons v. Delta Air Lines, Inc.*, 625 F. App'x 941, 944 (11th Cir. 2015). The Board concedes that Ingram can establish that she engaged in statutorily protected activity when she filed an EEOC charge in 2009, and she suffered adverse employment actions when she was denied promotions to administrative positions in 2013. However, the Board contends that her retaliation claim fails because she cannot demonstrate that her 2009 EEOC filing

11

was the "but-for cause" of her failure to be promoted in 2013. In essence, the Board asserts that Ingram cannot establish the requisite causal connection between her 2009 EEOC complaint and her failure to receive administrative promotions in 2013 to survive summary judgment.

"[A] plaintiff making a retaliation claim under § 2000e-3(a) must establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. —, 133 S.Ct. 2517, 2534 (2013).

> Title VII retaliation claims must be proved according to traditional principles of but-for causation, not the lessened causation test stated in § 2000e-2(m). This requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer.

*Id.* at 570 U.S. at —, 133 S.Ct. at 2533. *See also Trask*, 822 F.3d at 1194. "To establish a causal connection, the plaintiff must show that the decision maker was aware of [her] protected conduct, and that the protected activity and adverse action were not wholly unrelated." *Shannon v. Bellsouth Telecomm.*, 292 F.3d 712, 716 (11th Cir. 2002); *Clemons*, 625 F. App'x at 945; *Smith v. City of Fort Pierce, Fla.*, 565 F. App'x 774, 778 (11th Cir. 2014).

> Moreover, the plaintiff always has the burden of persuasion "to proffer evidence sufficient to permit a reasonable fact finder to conclude that discriminatory animus was the 'but-for' cause of the adverse employment action."

*Smith*, 565 F. App'x at 778 *quoting Sims v. MVM, Inc.*, 704 F.3d 1327, 1332 (11th Cir.

2013).

The court concludes that the plaintiff has failed to demonstrate that there exists a genuine dispute of material fact regarding causation sufficient to survive the defendant's motion for summary judgement. First, Ingram points to no facts that demonstrate that the filing of her 2009 EEOC complaint was the but-for cause of the Board's failure to promote her in 2013. Ingram has failed to demonstrate temporal proximity to establish causation. *See Higdon v. Jackson*, 393 F.3d 1211, 1220 (11th Cir. 2004) (holding that a plaintiff may show causation by demonstrating "close temporal proximity" between the protected activity and the adverse employment action). Mere temporal proximity, without more, must be "very close." *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001). A three-month interval between the protected activity and the adverse action is insufficient to establish causation. *Clemons*, 625 F. App'x at 945; *Thomas v. Cooper Lighting*, 506 F.3d 1361, 1364 (11th Cir. 2007); *Drago v. Jenne*, 453 F.3d 1301, 1308 (11th Cir. 2006). While a period as long as one month between a protected activity and an adverse action is not too protracted to infer causation based solely on temporal proximity, a three-month interval between the protected activity and the adverse action cannot alone establish causation. *Thomas*, 506 F.3d at 1364 (three-month period insufficient). In this case, Ingram filed her EEOC in December 2009. She was denied administrative positions in the summer of 2013. Ingram simply cannot establish temporal proximity with a gap of three years and six months. *See Smith*, 565 F. App'x at 779 ("Seven months is too long a timeframe to establish

temporal proximity supporting an inference of causation.").

Even assuming Ingram could establish a *prima facie* case, she cannot establish that her 2009 EEOC charge was the but-for cause of the alleged retaliation. The undisputed evidence before the court establishes that each position Ingram sought was filled after a committee interviewed candidates and recommended to Pitchford their top choices for the positions. It is further undisputed that Pitchford recommended each committee's first choice to the Board to fill the available position, and the Board accepted Pitchford's recommendations. Ingram has pointed the court to no evidence that the committee members who interviewed and selected candidates for the promotions knew that she had filed an EEOC charge. She speculates that "it was common knowledge" that she had filed an EEOC charge in 2009 but speculation is insufficient to defeat a properly supported motion for summary judgment. At best, Ingram presents nothing more than unsubstantiated allegations and conclusory statements in opposition to the defendant's motion for summary judgment with respect to her claim that the committee members and the Board must have known about her 2009 EEOC. "[U]nsubstantiated assertions alone are not enough to withstand a motion for summary judgment." *Rollins v. TechSouth, Inc*., 833 F.2d 1525, 1529 (11th Cir. 1987). *See, e.g., Carter v. Three Springs Residential Treatment*, 132 F.3d 635, 642 (11th Cir. 1998) (conclusory allegations without specific supporting facts have no probative value). *See also Broadway v. City of Montgomery, Ala*., 530 F.2d 657, 660 (5th Cir. 1976) (conclusory statements, unsubstantiated by facts in the record, will normally be insufficient

to defeat a motion for summary judgment). Ingram cannot rely on her own unsubstantiated opinion that the decision makers must have known about her 2009 EEOC charge to establish that charge was the but-for cause of her not receiving promotions in 2013.

"Title VII addresses *discrimination*." *Ferguson v. Veterans Admin.*, 723 F.2d 871, 872 (11th Cir. 1984). Not all unpleasant or unfair employment practices are actionable under Title VII. "Title VII is not a shield against any kind of harsh treatment in the workplace," and it does not "require the employer to have good cause for its decisions." *Nix v. WLCY Radio/Rahall Comms.*, 738 F.2d 1181, 1187 (11th Cir. 1984). The court is not required to agree with the employer's proffered reasons for the employment decision. The relevant issue for Title VII purposes is not whether the employer's judgment or course of action is unreasonable, unfair, or erroneous, but whether the employer discriminated against the employee. *Id*. As long as the employer does not discriminate on an illegal basis, an employer is not in violation of Title VII.

The court concludes that Ingram has failed to demonstrate that any genuine dispute of material fact exists from which a reasonable fact finder could conclude that the Board's failure to promote her in 2013 as in retaliation for her filing an EEOC charge in 2009. The Board's motion for summary judgment is due to be granted.

## V. CONCLUSION

Accordingly, for the reasons as stated and for good cause, it is

ORDERED and ADJUDGED that the defendant's motion for summary judgment (doc. # 70) be and is hereby GRANTED, and this case be and is hereby DISMISSED with prejudice. All other pending motions are DENIED as moot.

A separate final judgment will enter.

Done this 12th day of September, 2017.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE